IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **INFILLTEC, LTD.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. **A09CA 693SS** |
| | § | |
| **A.R.M.S. BUILDING AND MAINTENANCE, INC.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| Defendant. | § | |

### PLAINTIFF INFILLTEC, LTD.'S ORIGINAL COMPLAINT

COMES NOW Plaintiff, Infilltec, Ltd. ("Plaintiff"), and files its Original Complaint against Defendant A.R.M.S. Building and Maintenance, Inc. ("Defendant" or "ARMS"), alleging as follows:

### NATURE OF THE ACTION

1. Plaintiff brings Count One of this action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, including 35 U.S.C. § 271.

2. Plaintiff brings Count Two of this action for false advertising under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, including § 43(a) of the Lanham Act.

### THE PARTIES

3. Plaintiff is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business at 3607 Church Street, Suite 300, Cincinnati, Ohio 45244.

4. Upon information and belief, ARMS is a corporation organized and existing under the laws of the state of Texas, with a principal place of business at 1164 FM 1844, Longview, Texas 75608. ARMS may be served by serving its registered agent, Shannon Clark, located at 1164 FM 1844, Longview, Texas 75608.

## JURISDICTION AND VENUE

5. Count One of this Complaint gives rise to federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Count Two of this Complaint further gives rise to federal question jurisdiction pursuant to 28 U.S.C. § 1331.

7. This Court has personal jurisdiction over Defendant in this matter because Defendant does business in Texas. More particularly, upon information and belief, ARMS operates a manufacturing plant in Voca, Texas, where a product called Envirofill® is made.

8. This judicial district is a proper venue in which to bring this action, pursuant to 28 U.S.C. § 1391 (c), because Defendant does business in this District. Furthermore, this judicial district is a proper venue in which to bring this action pursuant to 28 U.S.C. § 1400(b), because the Defendant has committed acts of patent infringement in this judicial district, including through operating the manufacturing plant in Voca, Texas.

## BACKGROUND FACTS

9. Plaintiff owns U.S. Patent No. 6,884,509 ("the '509 Patent"), entitled "Special Turf Filler Comprising Silica Particles," which issued on April 26, 2005. (*See* Attachment 1).

10. The '509 Patent claims subject matter relating to an aggregate infill product commonly used with artificial turf for athletic fields or landscaped areas. (*See* Attachment 1).

11. Plaintiff acquired all rights in and to the '509 Patent by assignment, dated August 31, 2009, as recorded with the United States Patent and Trademark Office ("USPTO") on September 2, 2009. (*See* Attachment 2).

12. When it acquired the '509 Patent, Plaintiff also acquired all trademark rights to the related aggregate infill product sold under the trademarks "Standard Turf Filler" and/or "STF,"

including the goodwill associated with those trademarks. The STF mark has acquired secondary meaning, in that it has become distinctive and well-recognized among customers in the artificial turf and landscape industry, as identifying a high quality type of aggregate infill product for artificial turf.

13. On information and belief, Defendant has made, used, sold, and offered to sell products that infringe the subject matter of the '509 Patent, without Plaintiff's or its predecessor's consent, and Defendant continues to make, use, sell, and offer for sale such products.16. More particularly, Defendant currently makes, uses, sells, and/or offers for sale an aggregate infill product called Envirofill®. Envirofill® has been described in advertising material as a coated silicon dioxide bead that is rounded, uniformly sized, and has a clear acrylic coating to create a lubricating effect. (*See* Attachment 3, Brochure entitled "Envirofill® A Synthetic Aggregate System," referred to herein as the "Brochure."). In promoting its Envirofill® product, Defendant has also used and/or caused the STF trademark to be used, without the permission of either Plaintiff or Plaintiff's predecessor. (*See* Attachment 4, a printout from the website, referring to the "Envirofill STF" Brochure.)

14. In promoting its Envirofill® product, Defendant has referred to the purported success of its product in complying with certain industry test standards. More particularly, Attachment 3 refers to performance of the Envirofill® product with respect to GMAX testing. Yet, on information and belief, the infill product used with the artificial turf that Defendant tested was not in fact the current Envirofill® product of Defendant, but was instead the STF product which originated with Plaintiff's predecessor-in-interest, and which is now sold by Plaintiff.

15. The Brochure, which advertises the Envirofill® product, includes a drawing that depicts the subject matter of the '509 Patent. The drawing appears to include a figure copied directly from the '509 Patent, where it illustrated the meaning of the phrase "angle of repose." (*See* Fig. 3 of Attachment 1 and p. 2 of Attachment 3).

3

16.    On September 3, 2009, Plaintiff sent a letter to Shannon Clark of ARMS asserting that the Envirofill® product infringes the '509 Patent. The letter demanded that he, as an individual, and through his companies ARMS and All Sport, cease and desist from further making, using, selling, and/or offering for sale the Envirofill® product.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT NO. 6,884,509

17.    The allegations of paragraphs 1-16 are incorporated herein by reference as if fully restated.

18.    On information and belief, the named Defendant has infringed and continues to infringe one or more claims of the '509 Patent by their making, using, selling, and/or offering for sale the Envirofill® product and any related products.

19.    On information and belief, these acts of infringement by Defendant are being carried out willfully and with the Defendant's full knowledge of the '509 patent.

20.    As a result of the Defendant's patent infringement, Plaintiff has suffered money damages and other substantial injury, including irreparable injury, for which Plaintiff lacks an adequate remedy at law. Defendant will continue this infringement unless enjoined by this Court.

## COUNT TWO
## FEDERAL UNFAIR COMPETITION

21.    The allegations of paragraphs 1-20 are incorporated herein by reference as if fully restated.

22.    By promoting its Envirofill® product via: 1) use of the STF trademark; 2) use of a drawing from the '509 patent; and/or 3) references to tests that were performed on the STF product, Defendant has caused and continues to cause customers to mistakenly believe that Defendant's

Envirofill® product is somehow authorized by, sponsored by, approved by, and/or associated with Plaintiff and its STF product, when in fact the Envirofill® product is not authorized by, sponsored by, approved by, or associated with Plaintiff and/or Plaintiff's products.

23. Such conduct by Defendant violates federal unfair competition law, particularly Title 15 U.S.C. §1125(a) (Section 43(a) of the Lanham Act), in that such conduct constitutes false advertising.

24. Such false advertising by Defendant has caused damage to Plaintiff, including serious and irreparable harm to the reputation and goodwill of Plaintiff, for which Plaintiff is without an adequate remedy at law. Such conduct by Defendant will continue unless enjoined by this Court.

## JURY DEMAND

Plaintiff Infilltec, Ltd. hereby demands and requests trial by jury of all issues raised that are triable by jury.

WHEREFORE, Plaintiff prays for an order from this Court granting the following:

A. enter a judgment that Defendant has infringed the '509 Patent;

B. enjoin Defendant, its agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and any and all persons or entities acting at, through, under, or in active concert or participation with any or all of them, from infringing the '509 Patent;

C. order Defendant to pay to Plaintiff all money damages sustained by Plaintiff due to such acts of patent infringement, to compensate Plaintiff for the infringement;

D. hold that Defendant has willfully infringed the '509 Patent, and trebling the patent money damages pursuant to 35 U.S.C. § 284 for such willful infringement;

E. hold that this matter is an exceptional case under 35 U.S.C. § 285, and award Plaintiff its reasonable attorney fees;

F. enter judgment that Defendant has violated 15 U.S.C. § 1125(a), by falsely advertising their Envirofill® product;

G.     enjoin Defendant, its agents, sales representatives, servants and employees, associates, attorneys, parents, successors and assigns, and any and all persons or entities acting at, through, under or in active concert or participation with any or all of them, from any further false advertising of their Envirofill® product;

H.     order the Defendant to pay to Plaintiff all money damages sustained by Plaintiff due to such acts of false advertising;

I.     award Plaintiff its costs and prejudgment interest on all damages; and

J.     award Plaintiff any and all further relief that this Court deems just and proper.

Respectfully submitted,

Dated: September 18, 2009    By: _____
Adam G. Price
State Bar No. 24027750
DINOVO PRICE ELLWANGER & HARDY LLP
7000 N. MoPac Expressway, Suite 350
Austin, Texas 78731
Telephone:    512.539.2626
Facsimile:    512.539.2627